## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MONIQUE A. TIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-11-1369-M** |
| **vs.** | ) | |
| | ) | |
| **CAROLYN W. COLVIN,**[1] | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Monique Timmons (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g)

seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's

application for disability insurance benefits under the Social Security Act.  This matter has

been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B).  Upon review of the pleadings, the record (Tr.), and the parties' briefs, the

undersigned recommends that the Commissioner's decision be reversed and remanded for

further proceedings.

## Administrative Proceedings

Plaintiff initially sought disability insurance benefits in February 2000.  An ALJ

denied the application in February 2002 [Tr. 654-672], a determination which has not been

reopened.  Plaintiff's Brief, p. 1, n.1.  [Doc. No. 18].  In 2003, Plaintiff filed a second

---

[1]Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social
Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is
substituted for Michael J. Astrue as Defendant in this action.

application for disability insurance originally alleging an onset date of July 15, 1999. [Tr. 54-56]. Following a hearing, the ALJ issued an unfavorable decision [Tr. 10-20] which Plaintiff appealed to this court in Case No. CIV-08-1099-M. The Commissioner's finding was reversed and remanded on grounds that the ALJ had considered only the medical evidence generated during the seven-month time frame between February 21, 2002, the date her prior application for benefits was denied, and September 30, 2002, Plaintiff's last date insured for disability benefits. [Tr. 693-702]. On remand, the ALJ noted an amended onset date of February 22, 2002, and again issued an unfavorable decision. [Tr. 635-652]. Plaintiff declined to file a request for review, *see* Plaintiff's Brief, p. 6, making the decision of the ALJ the final decision of the Commissioner. Plaintiff has filed this action seeking review of the Commissioner's decision.

**Standard of Review**

In reviewing the Commissioner's final decision, this court is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted).

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The

2

Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, finding that Plaintiff: 1) had not engaged in substantial gainful activity from her alleged onset date through the date she was last insured [Tr. 638]; 2) has "severe" reflex sympathetic dystrophy of the left upper extremity, fibromyalgia, depression and anxiety [Tr. 638]; 3) did not have an impairment which meets or equals a listed impairment [Tr. 643-644]; 4) has the residual functional capacity (RFC) to perform a range of sedentary work with some additional nonexertional limitations [Tr. 646]; 5) could not perform any of her past relevant work [Tr. 650]; and 6) could perform sedentary unskilled occupations such as an addresser, a microfilm document preparer or a tube operator [Tr. 651].

**Plaintiff's Claim of Error**

In relevant part, Plaintiff alleges that in reaching her disability determination the ALJ improperly relied on medical evidence outside the current record. Plaintiff's Brief, pp. 15-17.[2] The Commissioner defends the ALJ's action by arguing that the ALJ "did not rely on actual reports or evidence outside the file"; rather, she properly relied on the summary of

---

[2]Plaintiff alleges further that the ALJ committed reversible error by failing to discuss uncontroverted and/or significantly probative evidence that conflicted with her findings. Plaintiff's Brief, pp. 17-19. However, because reversal is required on the first point of error, the undersigned has not addressed Plaintiff's second allegation. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

medical evidence set forth in another ALJ's prior decision.  Commissioner's Brief, pp. 3-7
[Doc. No. 19].

## Analysis

An ALJ's opinion must be based "on the preponderance of the evidence offered at the
hearing or otherwise included in the record."  20 C.F.R. § 404.953(a); *see also Allison v.
Heckler*, 711 F.2d 145, 147 n.2 (10th Cir. 1983) (holding that "a federal regulation may not
be interpreted in a manner at odds with the Secretary's statutory authority and the
Constitution[,]" and therefore, "[i]f the ALJ's decision is based on evidence 'otherwise
included in the record,' the regulation must be construed to require that this evidence be
gathered and presented to the claimant prior to the hearing.").  Plaintiff alleges that the ALJ
erred by referring to and relying on exhibits from a "'former file' or 'prior file'" none of
which are included in the record before this court or were "admitted into evidence in any
hearing transcribed in the record . . . ."  Plaintiff's Brief, p. 16.  The undersigned agrees.

As noted above, this court remanded the Commissioner's 2008 denial of benefits for
further administrative proceeding finding that ALJ had improperly considered only the
evidence relating to the period between February 2002, and September 2002.  In an apparent
attempt to cure the error, the ALJ spent a considerable portion of her second opinion
discussing Plaintiff's medical history from 1998 to 2002.  [Tr. 638-641].  However, rather
than making that medical evidence part of the current record, the ALJ simply cited to exhibits
from the "prior" or "former" file."  *Id.*  The Commissioner contends that the ALJ simply
referenced these exhibits but did not examine them or rely on them;  he does not, however,

dispute that those medical records, encompassed in Exs. 1F, 3F, 12F, 13F, 14F of the "prior file," are not included as part of the current record before the court.

The Commissioner first defends the ALJ's reliance on evidence not included in the record by suggesting that the ALJ did not rely on the actual medical evidence, but rather on the summary of that evidence found in the February 2002 ALJ opinion which denied Plaintiff's benefits on her first application.  Commissioner's Brief, p. 3.  However, the Commissioner offers no authority to support his assertion that a prior decision by one ALJ can be relied upon as "evidence" by a different ALJ in making her disability findings. Moreover, the ALJ specifically stated that she had "carefully read and considered all of the evidence, regardless of whether specific references to exhibits appear in this Decision." [Tr. 638].  Given this statement and the ALJ's specific references to the exhibits from the prior case, it is only reasonable to conclude that the ALJ did in fact read and consider the medical evidence dating from 1998 to 2002 which is not included in the current record.

The Commissioner next argues that the ALJ's reliance on the prior ALJ's medical summary was proper because:  1) Plaintiff and her attorney were familiar with the prior decision and knew that in order to address Plaintiff's present disability, the ALJ would need to "analyze [Plaintiff's] condition as it existed before February 22, 2002[,]" and 2) the February 2002 ALJ summary was "settled opinion" based on res judicata.  Commissioner's Brief, pp. 4-7.  Plaintiff contends these arguments "miss the point," Plaintiff' Reply, p. 4 [Doc. No. 20], and for the following reasons, the undersigned agrees.

While Plaintiff acknowledges that her condition prior to 2002 was relevant to the

ALJ's disability determination on remand, as she correctly notes, the ALJ must still limit her consideration to medical evidence "included in the record" and the prior relevant medical evidence is simply not in the record before this court. Plaintiff's Reply, p. 4. And, while the Commissioner correctly notes that the previous opinion finding Plaintiff not disabled prior to February 2002, is "settled" under the doctrine of res judicata, s*ee Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009), the ALJ did not limit her discussion of the prior determination to issues relating to Plaintiff's lack of disability prior to February 2002. Instead, she relied on medical evidence - not appearing anywhere in the current record - to find that Plaintiff's allegation that she became disabled after February 2002 were not credible. For example, the ALJ found Plaintiff's credibility is diminished by evidence that she sought narcotic pain medications, specifically citing three exhibits from the "prior file," exhibits not included in the record before this court. [Tr. 648-649].[3]

The record establishes that the ALJ did in fact consider and rely on prior medical evidence which was never made a part of the current record and in doing so committed legal error. *See, e.g., Allison v. Heckler*, 711 F.2d at 147 ("An ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or rebut the report."); *Nelson v. Apfel*, 131 F.3d 1228, 1236

---

[3]Plaintiff does not directly challenge the credibility analysis but without the relevant medical evidence being part of the current record she would lack any ability to do so. Indeed, without such evidence, this court would be unable to determine whether the finding was sufficient. *See, e.g., Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) ("To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." (citation omitted)).

(7th Cir. 1997) ("We agree with the district court that it was improper for the ALJ to consider evidence outside the record in determining the extent of [the claimant's] disability."); *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990) (reversing the Commissioner's disability finding in part because the ALJ relied on outside evidence and "it is erroneous to rely on items not in the record"); *Green v. Shalala*, No. 93-7068, 1994 WL 60384, at *3 (10th Cir. 1994) (agreeing that the ALJ committed reversible error in considering outside medical records which were relied upon to find a lack of credibility); *Myers v. Astrue*, 870 F. Supp. 2d 1164, 1170 (D. Colo. 2012) (agreeing that "it is clear the ALJ improperly relied on a statement made by Dr. Kennedy outside the record in find that claimant lacked credibility"). Accordingly, the undersigned recommends reversal and remand for further consideration.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed.  The parties are advised of their right to object to this Report and Recommendation by the 18th day of March, 2013,  in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of February, 2013.


_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE